IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PEDRO CRESPO, JR., ) | |
|     Petitioner, ) | |
| ) | Civil Action No. 7:21cv282 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, DIRECTOR, ) |     United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Petitioner Pedro Crespo, Jr., a Virginia inmate proceeding by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2017 convictions in Pittsylvania County. Respondent has filed a motion to dismiss, and the matter is now ripe for disposition. After careful review of the record, the court finds that the decision of the state's highest court was not based on an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of federal law. Accordingly, the petition must be dismissed.

I.    BACKGROUND

On June 15, 2006, Ohio authorities notified the Pittsylvania County Sheriff's Office that TC (Crespo's daughter) and EH (Crespo's stepdaughter) had complained that Crespo sexually assaulted them when they lived with him in Virginia. The girls and their mother returned to Virginia and gave statements to Investigator Ingram on June 26, 2006. Crespo was already in custody in Ohio, having been arrested for domestic assault of his wife before the girls made their complaints. CCR[1] at 300. During the investigation by Pittsylvania County, the girls were also

---

[1] Citations herein to the circuit court record from Pulaski County Circuit Court in the case *Commonwealth v. Crespo*, No. CR16-679 and Nos. CR16-858 – CR16-863, are abbreviated "CCR" at the page number located in the lower right corner of each page in the record.

interviewed by a Social Services investigator and examined by a forensic nurse. *Id.* at 294. Meanwhile, the Sheriff's Office was awaiting the results of the Ohio charges. Once they learned that Crespo would be incarcerated in Ohio for ten years, Investigator Ingram requested an arrest warrant for Crespo on April 23, 2007, charging Crespo with sodomy of TC, a child under age 13, between October 1, 2003, and January 31, 2006, in violation of Virginia Code § 18.2-67.1. He obtained the warrant to make sure that Pittsylvania County could gain custody when Crespo finished serving his time in Ohio. *Id.* at 300 – 301.

In May 2011, Crespo filled out a form entitled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints," used to invoke the Interstate Agreement on Detainers (IAD). Pet. Ex. 1, Dkt. No. 1-2. He gave the completed forms to officials at the Ohio prison, who sent them by certified mail to the Commonwealth Attorney's Office and to the Circuit Court in Pittsylvania County, receiving signed receipts from the postal service. Pet. Ex. 1 at 7 – 9. Hearing nothing in response to his request and still in prison in Ohio, on October 25, 2012, Crespo mailed a motion to dismiss the pending charges for failing to bring the charges to trial in a timely fashion, as requested in his demand for speedy trial filed in May 2011. Pet Ex. 2, Dkt. No. 1-3.

Crespo finished serving his Ohio sentence in 2016, and based upon the detainer lodged against Crespo, Pittsylvania County secured Crespo's return to Virginia, and a Deputy arrested him on the outstanding warrant on June 7, 2016. CCR at 1. At the preliminary hearing on the single sodomy charge, defense counsel moved to dismiss the charge because of the Commonwealth's failure to bring Crespo to trial in a timely fashion. The argument was based on the IAD, Virginia Code § 53.1-210 and Ohio Rev. Code § 2963.30. Relying on *Locklear v. Commonwealth*, 376 S.E.2d 793, 795 (Va. Ct. App. 1989), the Juvenile and Domestic Relations

Court denied the motion to dismiss because a detainer based on an arrest warrant, rather than an indictment or information, is not sufficient to trigger the provisions of the IAD.[2] CCR at 330. The court then certified the charge to the grand jury, which issued an indictment on October 17, 2016. *Id.* at 2.

On November 4, 2016, the Commonwealth convened a special grand jury, which indicted Crespo on seven additional charges: A second charge of sodomy on TC during the same time; two charges of raping TC during the same time, in violation of Virginia Code § 18.2-61; a charge for sodomy on EH between January 3, 2004, and January 31, 2006; and three charges of raping EH during the same timeframe. *Id.* at 37, 42 – 49. In Circuit Court, counsel filed a motion to quash the indictments, alleging that the pre-arrest delay of more than 10 years violated Crespo's rights to due process and a speedy trial under the Fifth and Sixth Amendments of the United States Constitution and Article I, Section 8 of the Virginia Constitution.

At the motions hearing on February 13, 2017, defense counsel argued that the four-part balancing test of *Barker v. Wingo*, 407 U.S. 514, 530 (1972), should apply to determine whether the lengthy delay between issuance of the arrest warrant and the preliminary hearing violated Crespo's rights. He based the argument on *Fowlkes v. Commonwealth*, 240 S.E.2d 662, 664 (Va. 1978), in which the Supreme Court of Virginia found the 22-month delay between the defendant's arrest and his preliminary hearing presumptively unreasonable. The Commonwealth argued, however, that the Sixth Amendment analysis of *Barker* did not apply; rather, the proper test was the due process analysis adopted by the Court in *United States v. Marion*, 404 U.S. 307,

---

[2] Different states have interpreted the IAD differently on this point. *Compare United States v. Bottoms*, 755 F.2d 1349, 1350 (9th Cir. 1985), and *Dozier v. State*, 175 So. 3d 322, 326 (Fl. Dist. Ct. App. 2015) (holding that arrest warrants do not trigger the IAD), *with State v. Smith*, 557 A.2d 1343, 1346 (Md. 1989), and *State v. Moore*, 774 S.W.2d 590, 597 (Tn. 1989) (holding that a warrant of arrest can trigger the provisions of the IAD). As this prosecution of Crespo arose in Virginia, Virginia law controls.

324 (1971).  To show that pre-indictment delay violates due process, a defendant must show that (1) the delay caused substantial actual prejudice to the defense and (2) that the delay was intentional for the purpose of gaining a tactical advantage over the accused.  *Id.*  Later cases discussing this due process inquiry have emphasized that "proof of prejudice is generally a necessary but not sufficient element of a due process claim."  *United States v. Lovasco*, 431 U.S. 783, 790 (1977).

      Defense counsel provided detailed and specific examples of how Crespo was prejudiced by the delay.  CCR at 291 – 294.  Records of Crespo's employment were not available, which would corroborate months that he worked and lived out-of-state, and therefore could not have committed the offenses during the times alleged.  The mission where he worked in New Cumberland, West Virginia, from June 2002 through September 28, 2003, did not have employment records going back that far; in August and September of 2005, Crespo worked for Delta Paving Profilers throughout North Carolina, staying at hotels near the job sites, but Delta Paving did not have records that far back.  Even U-Haul did not have rental records before 2011, so those records were unavailable to corroborate dates that Crespo had moved away from Virginia.  Crespo could procure records showing that he was incarcerated in Ohio from September 28, 2003, through December 21, 2004, but the Danville City Jail did not have records of weekends that Crespo served in 2005.  DVDs of the complaining witnesses' original statements to law enforcement in Ohio disappeared; Social Services no longer had records of their recorded interview of the girls.  The report of forensic examination of the girls in Ohio was no longer available.  In counsel's words, "there's some incredibly important evidence that's gone after ten years."  *Id.* at 293.

Fatal to Crespo's due process claim in circuit court was counsel's statement that he did not think the Commonwealth was to blame for the delay. The Commonwealth asserted that Crespo was solely responsible for the delay because of the behavior that got him locked up in Ohio. The Commonwealth Attorney also said:

> [F]rankly we charged him on a warrant because he can't make the interstate agreement on detainers demand against us and cause us to have to dismiss the case . . . . That's the reason why we issued a warrant as opposed to an indictment.

*Id.* at 313. The trial court agreed that a due process analysis applied, not a Sixth Amendment analysis. Although the Commonwealth and the court noted that delay created some hardship for Crespo, the court found that the Commonwealth's reasons for delay were not improper and were not intended to give the state a tactical advantage over Crespo. *Id.* at 325.

The matter was tried before a jury on March 14 and 15, 2017. The trial court dismissed two of the charges, one rape charge and the sodomy charge involving EH. *Id.* at 156 – 157. The remaining charges were submitted to the jury, which returned verdicts of guilty on all six charges and recommended a life sentence on each. *Id.* at 158 – 162. Following consideration of a presentence report, psychosexual evaluation, and arguments of counsel, the trial court sentenced Crespo in accord with the jury's recommendations, entering final judgment on June 8, 2017. *Id.* at 219 – 221.

Crespo appealed the conviction, arguing that the evidence was insufficient to support the convictions because of the many inconsistencies in the victims' testimony and other problems with the credibility of their accounts. The Court of Appeals of Virginia denied the appeal by per curiam opinion. *Crespo v. Commonwealth*, Record No. 0993-17-3 (Va. Ct. App. Feb. 22, 2018). His petition for appeal to the Supreme Court of Virginia was also refused. *Crespo v.*

*Commonwealth*, Record No. 180257 (Va. Sept. 7, 2018). Crespo did not file a petition for certiorari in the United States Supreme Court.

Crespo filed a state petition for habeas corpus in the Supreme Court of Virginia on September 3, 2019, alleging that ineffective assistance of counsel in arguing the motion to quash his indictments resulted in the violation of his rights to due process and a speedy trial. The court granted the respondent's motion to dismiss and denied the petition. *Crespo v. Clarke,* Record No. 191137 (Va. March 16, 2021). Crespo timely filed his current petition, raising the same issue, on May 10, 2021.

## II. DISCUSSION

Federal courts reviewing constitutional claims adjudicated on the merits in state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). There is a presumption of correctness that attaches to the state court's finding of facts, which can be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

When reviewing claims for ineffective assistance of counsel, courts also apply a highly deferential standard. A petitioner must show (1) that counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment *and* (2) that the performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). When a federal court reviews a state court's assessment of an ineffective assistance of counsel claim,

federal review is "doubly deferential," because the deferential standard of review under the statute overlaps with the deferential standard under *Strickland*. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).[3] In other words, the federal court is to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

The state habeas court held that Crespo failed to prove either deficient performance or prejudice. To establish deficient performance, a petitioner must establish that counsel's performance fell below "an objective standard of reasonableness . . . under prevailing norms." *Strickland*, 466 U.S. at 688. The reviewing court must not rely upon "the distorting effects of hindsight," but must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions. *Id.* at 689–90. Decisions regarding what motions to file and what arguments to make are among the key strategic decisions for which counsel must be given wide latitude. *Gonzalez v. United States*, 553 U.S. 242, 248–49 (2008); *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003).

The state habeas court acknowledged that defense counsel argued the *Barker v. Wingo* test, applicable to speedy trial violations, when the proper test for due process violation caused by pre-arrest or pre-indictment delay requires a defendant to establish that the prosecutor intentionally delayed indicting the defendant to gain a tactical advantage and actual prejudice to the defendant because of the delay. That is a correct statement of the law, as set forth by the Supreme Court. *Marion*, 404 U.S. at 325. However, counsel did what attorneys do when trying to make an argument that is not directly supported by caselaw: He made an analogy between the 22-month delay before the preliminary hearing in *Fowlkes* and the ten-year delay before the preliminary hearing in Crespo's case and then argued that the *Barker* four-pronged balancing test

---

[3] Unless otherwise indicated, here and throughout this opinion, internal quotation marks, citations, and alterations are omitted.

used in *Fowlkes* should apply. The court was not persuaded, however, because the defendant in *Fowlkes* had been arrested before the 22-month delay in his case. Crespo has compellingly argued that counsel could have presented the facts in a different light and argued the due process caselaw more effectively. However, counsel is not required to make the best, most eloquent word choices in arguing his case. The Sixth Amendment guarantees reasonable competence, not perfect advocacy. *Yarborough*, 540 U.S. at 8.

The state habeas court also noted that counsel argued that the delay was a due process violation, which was the correct argument to make, given that Crespo had been neither arrested nor indicted before 2016. The Sixth Amendment right to speedy trial is not implicated until an arrest has been made. *Marion*, 404 U.S. at 321. As the state habeas court noted, counsel could reasonably have decided that a speedy trial argument would be futile, and counsel is not required to argue futile motions. *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005).

Crespo asserts that counsel was also deficient in arguing the motion because he conceded that the Commonwealth did not intentionally delay indicting Crespo to gain a tactical advantage. The state habeas court found as a matter of fact that the Commonwealth did not attempt to gain a tactical advantage by delaying the indictments. This court must defer to that factual finding if it is reasonable. The question is not whether a federal court believes the state court's decision is incorrect, but whether the decision was unreasonable, which is "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Commonwealth acknowledged the choice to obtain an arrest warrant instead of an indictment specifically so that the IAD would not apply to the case. Any number of legitimate reasons could inform such a decision, such as a desire to avoid the cost of returning Crespo to Ohio after a trial in Virginia, only to be required to transport him back to Virginia to serve his sentence after he completed his Ohio sentence, or a

8

desire to avoid the risk of something going wrong, resulting in dismissal of the case on a procedural technicality.  Even if this court might have made a different factual determination, the decision of the state habeas court cannot be considered unreasonable when the Commonwealth Attorney, the trial court, and defense counsel all believed that the Commonwealth's decision did not reflect an intent to gain a tactical advantage.

    The state habeas court reasonably concluded that none of the alleged shortcomings in counsel's presentation constituted deficient performance.  For that reason alone, Crespo's claim for federal habeas relief must fail.  The court also notes that the state habeas court reasonably found no prejudice to Crespo from counsel's performance.  To establish prejudice, a petitioner must show that there is a "reasonable probability that the outcome of the proceedings would have been different," which means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 at 694.  Crespo has not made such a showing here.

    If trial counsel had argued that the detainer on Crespo in Ohio was tantamount to an arrest, triggering the speedy trial protections of the Sixth Amendment, it is highly unlikely the argument would be successful.  The Supreme Court of Virginia has already determined that an unexecuted arrest warrant is not enough to trigger the protections of the IAD.  *Locklear*, 376 S.E.2d at 795.  It is not unreasonable to assume that the court would make the same conclusion about the detainer not being tantamount to an arrest.

    Likewise, even if counsel argued that the Commonwealth intentionally delayed filing the indictment to gain an unfair tactical advantage, Crespo has not demonstrated that the state court would likely have been more receptive to that argument than the ones counsel made.  Assuming the court agreed that the delay was both intentional and for the purpose of gaining an unfair tactical advantage, this court cannot say with any confidence that the trial court would have

found the prejudice to Crespo sufficiently concrete and significant to justify dismissing the indictments on the serious charges. To meet the prejudice prong of the due process inquiry, a defendant must show that the prejudice is actual, not speculative, and that it is substantial, meaningfully impairing the ability to defend against the state's charges. *Marion*, 404 U.S. at 324; *Jones v. Angelone*, 94 F.3d 900, 907 (4th Cir. 1996). Numerous cases show that similar delays have been found insufficiently prejudicial. *See, e.g., Jones*, 94 F.3d at 907 (holding that 10-year preindictment delay did not cause actual, substantial prejudice to defendant just because some witnesses were no longer available); *Morrisette v. Commonwealth*, 569 S.E.2d 47, 51–52 (Va. 2002) (Defendant in capital case had been interviewed by police shortly after the crime, and he provided names, addresses, and phone numbers of alibi witnesses that the police never contacted; 19 years later, when defendant was indicted for the crime, the witnesses could not be located. The court found no due process violation).

## III.  CONCLUSION

Because the state habeas court reasonably decided that trial counsel's performance was not deficient and that Crespo was not prejudiced by counsel's performance, the court cannot grant habeas relief, and the court will grant the respondent's motion to dismiss.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may only issue if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  Crespo has not made such showings in this case.

    An appropriate order will be entered.

    Entered: April 1, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge